Bob C. Burns, Ph.D., President NorthWest Arkansas Community College P.O. Box `1408 Bentonville, AR 72712
Dear Dr. Burns:
This is in response to your request for an opinion under the Arkansas Freedom of Information Act ("FOIA") as it pertains to personnel or evaluation records. A.C.A. § 25-19-105(b)(10) and (c) (Supp. 1993). Your request is a follow-up to my letter of November 23, 1994, wherein I declined to issue an opinion because I lacked sufficient information to determine whether the record(s) in question constitute personnel or evaluation records. You have now submitted your response to Virginia M. Neiland's notification of a formal complaint. I assume that your question pertains specifically to your letter to Ms. Neiland, dated November 7, 1994.
It is my conclusion that this letter does not constitute a personnel record or an employee evaluation or job performance record under the relevant FOIA provisions. See A.C.A. §25-19-105(b)(10) and (c)(1) (Supp. 1993). The requirement pertaining to this office's responsibility to issue an opinion regarding the release of "personnel or evaluation records" is therefore inapplicable in this instance.
The purpose of the letter, as I understand it, was to respond to a complaint that was filed by an employee with the Commission on Accreditation in Physical Therapy Education. As stated in the October 18, 1994, letter from Virginia M. Neiland, Director of the Department of Accreditation, the complaint was made "regarding the institution as it relates to the physical therapist assistant education program at NorthWest Arkansas Community College." The complaint apparently alleged inappropriate action on the part of the institution regarding a student cheating on an examination.
Although your response interjects information concerning an employee, I cannot conclude that it pertains to an employee such that it constitutes a "personnel record" under the FOIA. Seegenerally J. Watkins, The Arkansas Freedom of Information Act
123-126 (2nd ed. 1994). Rather, when considered as a whole, it is clear that the letter addresses the substance of a complaint filed with the Department of Accreditation.
Nor, in my opinion, can the letter reasonably be categorized as an employee evaluation or job performance record. The following excerpt from The Arkansas Freedom of Information Act, supra,
addresses the exemption under the FOIA with respect to these records:
 No comprehensive definition of either term is provided, but the statute does state that "preliminary notes and other materials" associated with the evaluation process are included. This explanatory language was added to reach records of employee performance that are used in preparing formal evaluations. Thus, the provision exempts not only the evaluation itself, but also supporting documents, such supervisors' memoranda, incident reports, and other records on which the evaluation is based. The term "job performance record" has been interpreted by the Attorney General to mean any record that "details the performance or lack of performance" of an employee, within the scope of his employment, regarding "a specific incident or incidents." This definition covers a variety of records, including written reprimands and letters of caution, documents on which a recommendation for dismissal was based, records of investigations into alleged employee misconduct, letters of commendation, and records related to promotion or demotion.
Id. at 132.
The letter is clearly not an "evaluation" record as envisioned under the act. Nor, in my opinion, does it detail the employee's performance such that it can be deemed a "job performance" record. There are undoubtedly instances when a record must be categorized as an evaluation or job performance record because of its content, even though it was not created as, i.e., does not on its face constitute such a record. For instance, information concerning job performance or evaluation of an employee might be related in detail such that the record must be deemed an "employee evaluation or job performance record," for otherwise the entire purpose of the exemption would be thwarted. The document in question does not, however, in my opinion, constitute such a record. The major thrust of the letter is its response to the allegations concerning the institution and the physical therapy assistant program. The comments regarding the employee are made in that context, and in my opinion do not reflect the level of detail necessary to compel the conclusion that the document thereby constitutes an evaluation or job performance record.
A similar analysis will apply, in my opinion, with respect to the reason for the Board of Trustees' action in placing the employee on administrative leave. This office has previously noted that the entire purpose of allowing executive sessions would be thwarted if the tape of an executive session was subject to disclosure. Op. Att'y Gen. 91-323 at n. 2. This would seemingly also be true of written documents that detail the substance of a closed session. The statement in this letter regarding the Board's action does not, however, address in any detail the basis for the action. There is no further recitation of the discussion or reasoning that occurred in the executive session, beyond the apparent summary statement regarding the relationship between the employee and her student. It cannot reasonably be concluded that the substance of the meeting is discussed in detail such that disclosing the letter will thwart the executive session provision of the FOIA.
In conclusion, therefore, it is my opinion that the November 7, 1994, letter to Virginia M. Neiland does not constitute a personnel record or an employee evaluation or job performance record.[1] Nor, in my opinion, does the executive session provision of the FOIA prevent disclosure of this record.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Although you have not inquired, specifically, as to the employee's resignation statement, it should perhaps be noted that a letter of resignation would ordinarily be exempt from disclosure because it is unrelated to a suspension or termination. See, e.g., Op. Att'y Gen. 92-266.